```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

             - against -                    MEMORANDUM AND ORDER

                                            16 Cr. 505-07 (NRB)
TERELL CLARKE,

                  Defendant.
----------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Defendant Terell Clarke was sentenced following a guilty plea to 60 months' imprisonment for conspiracy to commit sex trafficking of minors, in violation of Title 18, United States Code, Sections 1591(a), (b)(2) and 1594(c).  Mr. Clarke now moves pro se for compassionate release from FCI Schuylkill, citing the unique risks posed by COVID-19 within the prison environment and the fact that his mother suffers from multiple sclerosis.  See ECF Nos. 204, 205.  For the following reasons, the application is denied.

Mr. Clarke moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which permits a court to "reduce a term of imprisonment" if, after considering the factors set forth in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3553(c)(1)(A).  A court may

1

reduce a defendant's sentence under Section 3582(c)(1)(A)(i) only "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3553(c)(1)(A).[1]  While Mr. Clarke's motion for compassionate release is brought pro se and is therefore to "be construed liberally to raise the strongest arguments [it] suggest[s]," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 479 (2d Cir. 2006), Mr. Clarke nevertheless bears the burden of demonstrating that his release is justified under Section 3582(c)(1)(A).  See United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992). Because he has failed to do so, his motion is denied.

Mr. Clarke is 26 years old and does not suffer from, nor does his pre-sentence investigation report dated July 9, 2018 evidence that he suffers from, a medical condition that the CDC has

---

[1] It is unclear based upon Mr. Clarke's submissions whether he ever requested compassionate release from the warden of FCI Schuylkill, much less whether 30 days have elapsed since making any such request.  Because this Court lacks the authority to waive defendant's compliance with Section 3582(c)(1)(A)'s exhaustion requirement, see United States v. Pereyra-Polanco, No. 19 Cr. 10 (NRB), 2020 WL 1862639, at *1 (S.D.N.Y. Apr. 14, 2020), defendant's motion for compassionate release may be denied for failure to exhaust.  However, because Mr. Clarke's motion fails, in any event, on its merits, the application would be denied even if the Court were satisfied that Mr. Clarke had properly exhausted his administrative remedies.

identified as a risk factor for severe illness from COVID-19.  See Groups at Higher Risk for Severe Illness, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra precautions/groups-at-higher-risk.html (last updated June 25, 2020).  Moreover, while Mr. Clarke could care for his mother if he were home, his inability to do so while imprisoned, while unfortunate, is not an extraordinary and compelling basis for his release.[2]  Even if it were, the application of the factors set forth in 18 U.S.C. § 3553(a) would still counsel against release.  Those factors include "the nature and circumstances of the offense," as well as the need "to protect the public from further crimes of the defendant."  See 18 U.S.C. § 3553(a)(1), (a)(2)(C).  The offenses for which Mr. Clarke is incarcerated arose from his affiliation with the so-called Snow Gang, whose members engaged in a myriad of violent criminal activities, including the sex trafficking of young women, in which Mr. Clarke was actively involved for several years.  Further, the fact that Mr. Clarke is currently housed in the Special Housing Unit at FCI Schuylkill indicates a disciplinary record while in custody.

---

[2] The Court certainly hopes that upon completing his sentence, Mr. Clarke is able to obtain employment as his mother's home health aide, as indicated in his application, and that Mr. Clarke's community of support -- whose members the Court recalls from their attendance at sentencing and from the numerous letters that were filed in connection therewith -- facilitates a productive reentry.

The Court accordingly denies Mr. Clarke's motion. Because Mr. Clarke has not made a substantial showing of a denial of a federal right, a certificate of appealability will not issue. Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444 (1962).

**SO ORDERED.**

Dated:   New York, New York
         July 8, 2020

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Defendant (pro se)
Terell Clarke

A copy of the foregoing Memorandum and Order has been mailed to:

Terell Clarke
Federal Correctional Institution, Schuylkill
P.O. Box 759
Minersville, PA 17954-0759