```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

UNITED STATES OF AMERICA,
                                                MEMORANDUM AND ORDER
             - against -
                                                   16 Cr. 505 (NRB)
TERELL CLARKE,
a/k/a "Famous,"
a/k/a "Famaz,"

                      Defendant.

----------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

By way of background, defendant Terell Clarke ("Clarke") was sentenced on August 23, 2018 to 60 months' imprisonment followed by five years' supervised release after pleading guilty to conspiracy to commit sex trafficking of minors in violation of 18 U.S.C. § 1591(a) and (b)(2). ECF No. 163. On June 7, 2024, the United States Probation Department issued a Violation Report stating that Clarke violated the terms of his supervision in six respects. The Court held an initial VOSR conference on December 3, 2024, at which time defense counsel confirmed that she reviewed the Violation Report with Clarke and explained that Clarke wanted a hearing on the merits of the allegations contained therein. ECF No. 318 at 2:9-22. A hearing was subsequently scheduled for January 30, 2025. Id. at 7:3. Less than 48 hours before that hearing, Clarke informed the Court that he instead intended to enter a plea of guilty to Specification One of the Violation

1

Report.  Clarke entered his plea to Specification One on January 30, 2025, and sentencing for the violation was scheduled for March 20, 2025.  ECF No. 314 at 5:10-13.  Due to scheduling conflicts and to accommodate newly appointed defense counsel, Clarke's sentencing date was adjourned five times: first to April 1, May 8, May 22, July 1, and then to July 29, 2025.  See ECF Nos. 292, 294, 300, 303.

The presentence submission filed on behalf of Clarke, ECF No. 306, while neither seeking to adjourn the sentencing nor to withdraw the plea, suggested that the facts did not support Clarke's admission to having committed Specification One of the Violation Report, namely robbery in the second degree.  Accordingly, before imposing its sentence and to achieve greater "clarity," the Court asked Clarke whether he did, in fact, "commit the act which [was] the basis of the specification that [Clarke] pled guilty to[.]"  ECF No. 320 at 3:8-23.  Clarke responded that he "did not."  Id.  The Court stated that under the circumstances sentencing could not proceed at that time.  After a brief adjournment, Clarke communicated his desire to withdraw his admission to Specification One and schedule a hearing.  Id. at 6:7-7:18. After the Government requested an opportunity to address the standard for the withdrawal of a guilty plea in a violation of supervised release proceeding, the Court directed the parties to

2

submit letters as to whether, or under what circumstances, Clarke could withdraw his admission. Id. at 8:17-9:22.

In accordance with the schedule set for briefing, the Government submitted its letter on August 22, 2025, ECF No. 312, and Clarke submitted his letter on September 12, 2025, ECF No. 313. Neither letter identified on point authority specifically addressing this situation. The Government argues that there is no mechanism for Clarke to simply withdraw his admission and urges the Court to utilize the Rule 11 withdrawal standard, pursuant to which a defendant may withdraw a guilty plea only if he "can show a fair and just reason" for doing so. ECF No. 312 at 4-6; see also Fed. R. Crim. P. 11(d)(2)(B). According to the Government, Clarke cannot meet that stringent standard because: (i) Clarke's claim of innocence is belated and belied by the evidence; (ii) nearly six months passed between Clarke's plea and his attempt to withdraw that plea, during which time he had competent counsel; (iii) the Government's ability to prepare for a hearing would be prejudiced by Clarke's withdrawal; and (iv) Clarke's original plea was knowing and voluntary. ECF No. 312 at 6-8. In response, Clarke's letter questioned the Government's claim of prejudice and strongly rejected the characterization of Clarke's request as a calculated maneuver to deprive the Government of potential witness testimony. ECF No. 313 at 3-4. Clarke's letter further submitted that the Rule 11 withdrawal standard should not apply and that in

the absence of authority to the contrary, the Court can vacate Clarke's admission sua sponte.  Id. at 1.

The Court has considered the parties' submissions and concurs with the Government that a supervised releasee who enters a plea of guilty to a specific violation of his conditions of supervised release may not withdraw that plea without an adequate explanation. This principle is particularly appropriate in this case, where Clarke entered his guilty plea after having requested and been afforded an opportunity for a hearing (and indeed one was scheduled) and then did not indicate a desire to withdraw his guilty plea until the oft-adjourned sentencing date.  Also relevant is the lapse of time (16 months) between the events forming the predicate for Specification One and the proposed withdrawal of the guilty plea.

Like counsel, the Court has found no specific authority providing a standard for the withdrawal of a guilty plea to a specification.  However, the Rule 11 standard, Fed. R. Crim. P. 11(d), is sufficiently analogous to apply in this situation.  In this regard, Clarke has offered neither an alternative standard nor a reason that requiring a defendant to "show a fair and just reason" is not fair and just.  No defendant who cannot proffer a "fair and just reason" should be able to manipulate the criminal justice system and/or impose unwarranted burdens thereafter.

4

Accordingly, the Court is scheduling a hearing for October 23 at 11:00 a.m., at which time Clarke will have the opportunity under oath to "show a fair and just reason for requesting the withdrawal." Should the defendant determine not to continue to seek to withdraw his plea, the Court will proceed to sentence Clarke on his guilty plea entered on January 30, 2025.

**SO ORDERED.**

Dated:   October 14, 2025
         New York, New York

*[signature: Naomi Reice Buchwald]*
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE