```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X

UNITED STATES OF AMERICA,

                 - against -

TERELL CLARKE,
a/k/a "Famous,"
a/k/a "Famaz,"

                      Defendant.

-----------------------------------------X
```

                                                         **MEMORANDUM AND ORDER**

                                                       16 Cr. 505 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

The procedural history concerning defendant Terell Clarke's attempt to withdraw his admission of guilt to Specification One of his Violation Report has been set out in this Court's Memorandum and Order of October 14, 2025.  See ECF No. 322.  Accordingly, the Court presumes the parties' familiarity with the relevant facts.

Mr. Clarke admitted to committing the crime underlying Specification One on January 30, 2025.  ECF No. 314 at 3:9-11. Nearly seven months later at sentencing, Mr. Clarke claimed that he did not, in fact, do what he had admitted and communicated his desire to withdraw his admission of guilt.  ECF No. 320 at 3:18-23, 6:14-7:19.  Mr. Clarke's basic argument in support of his withdrawal effort is that his former counsel, Ms. Macedonio, was constitutionally ineffective because she failed to obtain Argus camera footage of the incident forming the basis of Specification

1

One, thereby compelling Mr. Clarke to admit guilt to the specification and ultimately receive a less advantageous plea offer.

As the record has developed, see ECF Nos. 331, 336, 339-41, it is beyond cavil that there is no basis whatsoever for Mr. Clarke's effort to withdraw his admission.  It cannot be disputed that the Argus camera footage was destroyed many months before Ms. Macedonio began to represent Mr. Clarke in June 2024.  Moreover, having afforded Mr. Clarke a full opportunity to testify in court and to file written submissions, and having received Ms. Macedonio's affirmation, ECF No. 336, the Court has no question that Ms. Macedonio provided loyal and more than competent representation to Mr. Clarke.  Further, to accept Mr. Clarke's claim, the Court would first be required to find that he lied to the Court at the January 30, 2025 hearing, when he admitted to the Court that he committed the crime underlying Specification One.

Under these circumstances, Mr. Clarke has failed to establish a "fair and just reason" to withdraw his admission of guilt. Accordingly, Mr. Clarke's motion to withdraw his admission of guilt to Specification One is denied.  A sentencing hearing will be scheduled for July 14, 2026 at 11:00 a.m.

Dated:   June 10, 2026
         New York, New York

 

_____
     NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

2